Gustave K. Carus, Appellant, v. Matthiessen & Hegeler Zinz Company et al., Appellees.

Gen. No. 6,127.

1. MANDAMUS, § 98*—*when moot question presented.* In a petition for mandamus to compel the transfer of stock by a corporation on its books, brought by one holding a certificate of the stock of such corporation by the individual assignment of one who actually held such stock as trustee, although it stood on the books of the corporation in the individual name of such trustee, where it appeared that as a result of the suggestion of the court such trustee wrote on the certificate sought to be transferred a new assignment, both

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCVI 29.

as an individual and as trustee, to petitioner, on which petitioner sought and obtained a writ of mandamus to compel such transfer, an appeal from the judgment denying the writ in the first case on the ground that such transferror could not make a valid conveyance of the stock as an individual, *held* to present a moot question.

2. CORPORATIONS, § 153*—*what constitutes an assignment of stock by a trustee.* One who appears on the books of a corporation as owning stock in her own name, but who in fact owns such stock as trustee and who first attempts to transfer such stock individually, and afterwards writes on the certificate an assignment both as an individual and as trustee, in fact transfers the stock as trustee, whatever be the form of the transaction.

3. MANDAMUS, § 98*—*when no power to require two transfers of same stock.* A court cannot order two peremptory writs requiring two transfers of the same stock and two certificates thereof to be issued to the transferee.

4. MANDAMUS, § 187*—*when validity of assignment of corporate stock not considered.* Where a transferee of a certificate of stock under one form of assignment seeks mandamus to compel the corporation issuing the stock to transfer the same on its books, and on the writ being denied, on the ground that the assignment to him is invalid, obtains another assignment, on which he seeks and obtains the writ to compel the transfer, the Appellate Court will not inquire on appeal from the denial of the writ in the first case, whether the first form of assignment was valid.

5. MANDAMUS, § 6*—*when necessary matter involved be substantial to justify use of remedy.* The matter involved in a mandamus proceeding must be substantial and of sufficient importance to justify the use of the remedy, and moot questions will not be determined thereby.

6. MANDAMUS, § 6*—*what is nature of rights necessary for granting of writ.* Unless the matter involved in a petition for mandamus be of public interest, the writ will be denied where the right sought to be enforced thereby is or will become a mere abstract right, the enforcement of which by change of circumstances can be of no practical benefit to petitioner.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed Demember 8, 1915.

MONTGOMERY, HART, SMITH & STEERE, for appellant; CHARLES S. CUTTING, GEORGE T. BUCKINGHAM, LOUIS E. HART and NORMAN H. PRITCHARD, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM J. CALHOUN and M. F. GALLAGHER, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

This mandamus proceeding is referred to in our opinion in Gen. No. 6,139, *ante,* p. 445, filed herewith. The substantial relief sought by the petition in this case has been obtained by the judgment of the court in that case. We are inclined to hold that the petitioner in this case, having obtained the transfer of the stock by an order entered in the other case, is presenting to us merely a question of abstract right. It will be seen by reference to our opinion in the other case that whatever the form of transfer of the certificate in question, it is, in fact, a transfer by a trustee to a trustee. We cannot order a peremptory writ in each case thereby requiring two transfers on the books and two certificates to issue on the same share of stock, and practically the same transaction. Counsel for appellant suggest this difficulty, and counsel for appellees answer the suggestion by saying that the transfer is only ordered on the presentation of the certificate indorsed, and therefore the supposed difficulty does not exist. Neither counsel have much discussed this question. Having determined that an assignment in the form presented in Gen. No. 6,139 must be recognized by the corporation, and affirmed the judgment so holding, we are not inclined to investigate the question whether the form of assignment adopted in this case is also sufficient. We know of no controlling authority governing the disposition of this case by us under the circumstances, but it is elementary law that the matter involved in a mandamus proceeding must be substantial and of sufficient importance to justify the use of the remedy; that abstract or moot questions will not be determined, and where the right is, or will become, a mere abstract right, the enforcement of which by

reason of some change of circumstances can be of no substantial or practical benefit to the petitioner, mandamus will be denied, if it is not a matter of public interest. (26 Cyc. 156.) The judgment is affirmed.

*Affirmed.*